UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>- against -<br><br>CLGE, INC., CHRISTINE MOUSSU, individually, and as an officer, director, or managing member of I.D. Marketing Solutions, Inc. and CLGE, Inc., I.D. MARKETING SOLUTIONS, INC., METRO DATA MANAGEMENT, INC. d/b/a DATA MARKETING GROUP, LTD., and KEITHA ROCCO, individually and as an Officer of Metro Data Management, Inc.,<br><br>                Defendants. | Civil Action No. 14-6792 (SJF)(GRB)<br><br>FILED<br>IN CLERK'S OFFICE<br>U S DISTRICT COURT E D N Y<br><br>★  NOV 19 2014  ★<br><br>LONG ISLAND OFFICE |

## **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

This matter having come before the Court upon the application of Plaintiff, the UNITED STATES OF AMERICA, for a temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Thomas Ninan, Postal Inspector with the United States Postal Inspection Service ("USPIS"); the Certification of the attorney for the United States; and the Memorandum of Law in Support of the United States' Motion for Injunctive Relief:

WHEREUPON THE COURT, having considered the matter, finds that:

1.       There is probable cause to believe that Defendants CLGE, Inc., Christine Moussu, I.D. Marketing Solutions, Inc., Metro Data Management, Inc. d/b/a Data Marketing Group, Ltd. ("Data Marketing Group"), and Keitha Rocco (collectively "Defendants") have been violating, are violating and will continue to violate 18 U.S.C. § 1341; and

2. Irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345, where the statutory conditions of are met. *See United States v. Savran*, 755 F. Supp. 1165, 1179 (E.D.N.Y 1991). Nonetheless, even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, permitting the defendants to continue to perpetrate the alleged extensive mail fraud would constitute irreparable harm. For example, the Defendants' continuing violations have caused and will continue to cause irreparable harm to consumers throughout the United States. Immediate and irreparable injury, loss, or damage, in the form of payments which will be received and dissipated by Defendants, will result to consumers throughout the United States before Defendants can be heard in opposition.

3. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345:

Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them are temporarily restrained, pending a hearing on Plaintiff's application for a preliminary injunction, from the following:

i. committing mail fraud, as defined by 18 U.S.C. § 1341;

ii. using the United States mails or causing others to use the mails to distribute:

 1. any advertisements, solicitations, or promotional materials on behalf of CLGE, David Phild, Sandra Rochefort, Antonia Donera, Nicholas Chakan or any other actual or fictional individual or entity purporting to offer psychic, clairvoyant or astrological items or services for a fee;

 2. any advertisements, solicitations, or promotional materials that represent, directly or indirectly, expressly or impliedly, that the recipient of the

solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

    3. any advertisements, solicitations, or promotional materials that represent, directly or indirectly, expressly or impliedly, that services or items offered for purchase will, or could, improve the consumer's financial condition; or

    4. any other false and misleading advertisements, solicitations, or promotional materials;

iii. receiving or causing to be delivered any incoming mail, at any address anywhere in the United States of America, which is responsive to the solicitations that are the subject of this action, or any other solicitations substantially similar thereto;

iv. selling or offering for sale any lists of consumers or mailing lists of any type compiled from consumers who have responded to solicitations bearing the names CLGE, David Phild, Sandra Rochefort, Antonia Donera, or Nicholas Chakan;

v. performing "caging services," including processing direct mail payments and orders, credit card processing, and check scanning, with regard to direct mail solicitations on behalf of CLGE, David Phild, Sandra Rochefort, Antonia Donera, Nicholas Chakan or any other individual or entity purporting to offer psychic, clairvoyant or astrological items or services for a fee.

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345:

vi. Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them, pending a hearing on Plaintiff's application for a preliminary injunction are directed to preserve all business, financial, accounting, and other records concerning the operations of CLGE, Data Marketing

Group, I.D. Marketing Solutions and any other corporate entity controlled by Defendants;

IT IS HEREBY FURTHER ORDERED that, pursuant to 18 U.S.C. § 1345:

vii. The United States Postal Service is authorized to detain all of Defendants' incoming mail, at any address anywhere in the United States of America, which is responsive to the solicitations which are the subject of this action, or any others substantially similar thereto; and

viii. The United States Postal Service is authorized to detain any advertisements, solicitations, and promotional materials which are the subject of this action and any substantially similar advertisements, solicitations, and promotional materials that are deposited into the United States mails by Defendants, their agents, officers, or employees, or any other persons or entities in active concert or participation with them.

IT IS HEREBY FURTHER ORDERED that Defendants CLGE, Inc., Christine Moussu, I.D. Marketing Solutions, Inc., Metro Data Management, Inc. d/b/a Data Marketing Group, Ltd. ("Data Marketing Group"), and Keitha Rocco shall appear before this Court and United States District Judge, in Courtroom 1010 at the United States Courthouse, 100 Federal Plaza, Central Islip on the 1st day of December, 2014 at 11:00 a.m. to show cause why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, requested by the United States should not be granted.

IT IS FURTHER ORDERED that a copy of this Order, together with the Complaint, the Ninan Declaration, the Certification of the attorney for the United States, the Memorandum of Law in Support of the United States' Motion for Injunctive Relief, shall be served upon Defendants, by personal service or overnight mail on or before 5:00 p.m. on the 20th day of November, 2014.

4

It is further Ordered that defendants shall serve and file any response to the application for a preliminary injunction on or before 3:00 p.m. on November 28, 2014, and that the United States shall serve and file any reply on or before 10:00 a.m. on December 1, 2014. The parties shall send courtesy copies of all papers filed so that they are received in chambers prior to the hearing.

SO ORDERED this 3:43 hour of the 19th day of November, 2014.

s/ Sandra J. Feuerstein
_____
HONORABLE
UNITED STATES DISTRICT JUDGE