UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          **ORDER**
          Plaintiff,                 **14-CV-6792 (SJF)(GRB)**

    - against-

CLGE, INC., et al.,

         Defendants.
-------------------------------------------------------------------X
FEUERSTEIN, J.

      Pending before the Court is an application by Jean Noël Sanchez, an attorney admitted to practice law by the Paris Bar in France, in effect, seeking reconsideration of an oral order, entered during a pretrial conference before me on March 12, 2015, denying his motion for leave to appear *pro hac vice* on behalf of defendant CLGE, Inc. ("CLGE") in this action. For the reasons set forth below, Mr. Sanchez's application for reconsideration is granted but, upon reconsideration, the Court adheres to its original determination to deny Mr. Sanchez leave to appear *pro hac vice* in this action.

I.     DISCUSSION

      Motions for reconsideration in this district are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions

which counsel believes the Court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Chepilko v. Cigna Life Ins. Co. of N.Y., 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013), aff'd, 590 F. App'x 98 (2d Cir. Jan. 22, 2015) (quotations and citations omitted); see also U.S. v. Yudong Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014).

As the order denying Mr. Sanchez's motion for leave to appear *pro hac vice* in this case was entered on March 12, 2015, his application for reconsideration, dated April 15, 2015, i.e., more than thirty (30) days thereafter, is untimely under Local Rule 6.3.

In any event, even granting Mr. Sanchez's application for reconsideration to consider the newly submitted documents proffered by him, I adhere to my original determination to deny Mr. Sanchez leave to appear *pro hac vice* on behalf of CLGE in this action.

"Admission *pro hac vice* is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge." Sedona Corp. v. Ladenburg Thalmann Co., Inc., No. 03 Civ. 3120, 2003 WL 22339357, at * 3 (S.D.N.Y. Oct. 14, 2003) (quotations, emphasis and citation omitted). In this District, *pro hac vice* admissions are governed by Local Rule 1.3(c) which provides, in relevant part:

> "[a] member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion (which may be made by the applicant) and upon filing with the Clerk of the District Court a certificate of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good

standing of the bar of that state court, and upon paying the required fee."

Thus, Local Rule 1.3(c) does not specifically provide for the *pro hac vice* admission of an attorney admitted to practice only in a foreign country, like Mr. Sanchez. However, some courts with similarly limited local rules regarding *pro hac vice* admission have held that the decision to admit an attorney who is admitted to practice only in a foreign country rests "within the sound discretion of the district court," Agjunction, LLC v. Agrain, Inc., No. 14-2069-JAR, 2014 WL 1745498, at * 1 (D. Kan. May 1, 2014) (citing cases); see also Rudich v. Metro Goldwyn Mayer Studio, Inc., No. 08-cv-389-bbc, 2008 WL 4693409, at * 1 (W.D. Wis. Aug. 27, 2008) ("Although the local rules do not provide for admission of foreign lawyers, the court certainly has the authority to admit them"); but see DeGuzman v. Nicholson, 20 Vet. App. 526, 531 (Vet. App. 2006) (finding that *pro hac vice* admission was limited by the terms of the Rules of Practice and Procedure of the United States Court of Appeals for Veterans Claims to attorneys admitted to practice in the United States Supreme Court, or the highest court of any state, the District of Columbia or a United States territory or commonwealth), and should be made "on a case-by-case basis, considering the local rules' requirements for *pro hac vice* admission, the nuances of the particular case for which the attorney seeks to be admitted, and the attorney's level of knowledge of the federal practice in the United States, including familiarity with the Federal Rules of Civil Procedure and Federal Rules of Evidence." Agjunction, 2014 WL 1745498, at * 1; see also Southerland v. Woo, 998 F. Supp. 2d 89, 91 (E.D.N.Y. 2014) ("[B]efore a district court can admit an attorney pro hac vice, the court must have some reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of New York, this Court's Individual Rules, and the customs and practices of this Court."

(quotations, brackets and citation omitted)); Sedona Corp., 2003 WL 22339357, at * 3 ("The Court's exercise of discretion should be informed by, on the one hand, a litigant's right to choose its counsel, which should not lightly be interfered with, and, on the other hand, the Court's right to assure itself that an attorney applicant is familiar with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, this Court's Individual Rules, and the customs and practices of this Court, * * *, and that the attorney will conduct himself professionally and ethically, and will not disrupt the proper functioning of the Court." (quotations and citation omitted)).

Based upon Mr. Sanchez's conduct in this case to date, including, *inter alia*, his repeated ex parte submissions directly to chambers; his multiple improper emails to the Clerk of the Court, often attaching documents for filing; his failure to utilize the Court's ECF system for filing; his often incomprehensible arguments; his filing of documents in French with unofficial English translations, etc., it is clear that he lacks even the most basic familiarity with this Court's rules, customs and practices. Since Mr. Sanchez is clearly not qualified to practice in this Court, upon reconsideration of his application for *pro hac vice* admission, I adhere to my original determination to deny the application. **Accordingly, on or before May 27, 2015, i.e., CLGE must file a notice of appearance by counsel admitted to practice before this Court or a default judgment will be entered against it in this case.**

Mr. Sanchez is advised that any further correspondence sent by him directly to chambers or to the Clerk of the Court that has not also been filed ECF and served upon all parties to this action will be returned to him without consideration and that the Clerk of the Court is directed hereby to refrain from any further communication with Mr. Sanchez via email.

II. Conclusion

For the reasons stated herein, Mr. Sanchez's application, in effect, for reconsideration of this Court's order denying his application for *pro hac vice* admission is granted, but, upon reconsideration, the Court adheres to its determination to deny his application for *pro hac vice* admission on behalf of CLGE in this case.  **Accordingly, on or before May 27, 2015, i.e., CLGE must file a notice of appearance by counsel admitted to practice before this Court or a default judgment will be entered against it in this case.**  The Clerk of the Court shall mail a copy of this Order to Mr. Sanchez at 12-14, Rond Point, des Champs-Elysées, 75008 Paris, France and shall, henceforth, return all correspondence received from Mr. Sanchez that has not been filed ECF and served upon all parties to this action without further consideration or action. SO ORDERED.

                                                    /s/
                              SANDRA J. FEUERSTEIN
                              United States District Judge

Dated: May 6, 2015
       Central Islip, N.Y.